The STATE of Ohio, Appellee,

v.

WILLIAMS, Appellant.

[Cite as *State v. Williams,* 190 Ohio App.3d 645, 2010-Ohio-5259.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 09AP–1072.

Decided Oct. 28, 2010.

Ron O'Brien, Franklin County Prosecuting Attorney, and Sarah W. Creedon, Assistant Prosecuting Attorney, for appellee.

W. Joseph Edwards, for appellant.

BRYANT, Judge.

{¶ 1} Defendant-appellant, Larry J. Williams Jr., appeals from a judgment of the Franklin County Court of Common Pleas finding him guilty, pursuant to jury verdict, of one count of possession of cocaine, a felony of the second degree. Defendant assigns a single error:

> The trial court erred when it entered judgment against the appellant when the evidence was insufficient to sustain a conviction and was not supported by the manifest weight of the evidence.

Because sufficient evidence and the manifest weight of the evidence support defendant's conviction, we affirm.

## I. Facts and Procedural History

{¶ 2} An indictment filed September 12, 2008, charged defendant with a second-degree felony in violation of R.C. 2925.11: one count of possession of "cocaine, commonly known as crack cocaine," in an amount equal to or exceeding ten grams but less than 25 grams. A trial commenced on April 27, 2009.

{¶ 3} According to the state's evidence, Officer Bobby K. Diamond, Columbus Division of Police, was working plainclothes detail on April 3, 2008, when he observed defendant in the lobby of the Best Value Inn on Sinclair Road in Franklin County, Ohio. Officer Diamond followed defendant to room 237. On seeing defendant enter the room, Diamond called United States marshals to assist at the scene. No one else entered or exited the room as Diamond waited for backup.

{¶ 4} Upon their arrival, the United States marshals knocked on the door to room 237. With the chain still on the door, defendant opened the door partially. When, however, the marshals announced themselves, defendant shut the door, took the chain off, and opened it. Once in the room, the marshals handcuffed defendant and placed him into the custody of the Columbus Police Department.

{¶ 5} Sergeant Timothy Shockcor, Columbus Division of Police, also was working plainclothes detail on April 3, 2008. Sergeant Shockcor observed defendant's arrest and entered the hotel room within minutes after the United States marshals arrested defendant. Inside the room, Shockcor observed in plain view "what appeared to be crack cocaine" on top of a microwave oven, "two Pyrex [measuring] dishes, some tiny rubber bands, a scale, a knife, baking soda, mixer, and plastic baggies." The larger of the two Pyrex measuring cups contained a white residue. Based on his training and experience as a narcotics officer, Shockcor believed the items looked "like all of the materials you need to process crack cocaine." Shockcor described for the jury how crack cocaine is processed and the significance to that process of the individual items found in the hotel room.

{¶ 6} After the items were inventoried and confiscated from the hotel room, a chemical analysis was conducted. It revealed the suspected crack cocaine to be 13.23 grams of cocaine base. See, e.g., *State v. Peterson,* 10th Dist. No. 09AP–34, 2009-Ohio-5088, 2009 WL 3087315, ¶ 6 (stating "cocaine base" is "also known as crack cocaine"). The chemical analysis further determined the white residue inside the larger Pyrex measuring cup to be cocaine. Rhonda Cadwalader, the latent fingerprint examiner for the Columbus Division of Police, examined the confiscated items for fingerprints. She "was able to determine [that] there were four latent fingerprints that were identical" to defendant's fingerprints on items taken from the hotel room. One of those fingerprints came from the smaller, one-cup Pyrex measuring cup, while the other three fingerprints came from the larger, one-quart Pyrex measuring cup.

{¶ 7} Defendant called no witnesses but moved to admit into evidence Defendant's Exhibit 2, the guest-registration form from the hotel indicating that room 237 was registered to Crystal C. Sartin. The form also included a photocopy of Sartin's driver's license. A woman was found in room 237 with defendant at the time of his arrest. The trial court admitted Defendant's Exhibit 2 into evidence over the state's objection.

{¶ 8} Following deliberations, the jury returned a guilty verdict on the single count of possession of cocaine. At a sentencing hearing held May 14, 2009, the trial court sentenced defendant to six years in prison and journalized its decision in a May 19, 2009 judgment entry.

## II. Analysis

{¶ 9} In his sole assignment of error, defendant contends that neither sufficient evidence nor the manifest weight of the evidence supports the trial court's judgment.

### A. Sufficiency of the Evidence

{¶ 10} Whether the evidence is legally sufficient to sustain a verdict is a question of law. *State v. Thompkins* (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541. Sufficiency is a test of adequacy. Id. We construe the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus; *State v. Conley* (Dec. 16, 1993), 10th Dist. No. 93AP–387, 1993 WL 524917.

{¶ 11} In order to convict defendant of possession of cocaine, the state was required to prove beyond a reasonable doubt that defendant knowingly possessed cocaine. R.C. 2925.11(A); *State v. Reed,* 10th Dist. No. 09AP–84, 2009-Ohio-6900, 2009 WL 5108834, ¶ 17. "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B). "A person has knowledge of circumstances when he is aware that such circumstances probably exist." Id. " '[P]ossession' means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(K).

{¶ 12} Possession of a controlled substance may be actual or constructive. *State v. Saunders,* 10th Dist. No. 06AP–1234, 2007-Ohio-4450, 2007 WL 2453291, ¶ 10, citing *State v. Burnett,* 10th Dist. No. 02AP–863, 2003-Ohio-1787, 2003 WL 1818935, ¶ 19, citing *State v. Mann* (1993), 93 Ohio App.3d 301, 308, 638 N.E.2d 585. A person has actual possession of an item when it is within his immediate physical control. *Saunders*; *State v. Norman,* 10th Dist. No. 03AP–298, 2003-Ohio-7038, 2003 WL 22999499, ¶ 29; *State v. Messer* (1995), 107 Ohio App.3d 51, 56, 667 N.E.2d 1022. Constructive possession exists when a person knowingly exercises dominion and control over an object, even though the object may not be within the person's immediate physical possession. *State v. Hankerson* (1982), 70 Ohio St.2d 87, 434 N.E.2d 1362, syllabus. The mere presence of an individual in the vicinity of illegal drugs is insufficient to establish constructive possession. *Saunders* at ¶ 11, citing *State v. Wyche,* 10th Dist. No. 05AP–649, 2006-Ohio-1531, 2006 WL 827787, ¶ 18, and *State v. Chandler* (Aug. 9, 1994), 10th Dist. No. 94APA02–172, 1994 WL 435386.

{¶ 13} Because the cocaine here was not found on defendant's person, the state was required to prove that defendant constructively possessed it. Circumstantial evidence alone may be sufficient to support constructive possession. *Saunders* at ¶ 11, citing *Wyche* at ¶ 18. The surrounding facts and circum-

stances, including the defendant's actions, thus constitute evidence from which the trier of fact can infer whether the defendant had constructive possession of the subject drugs. *State v. Stanley*, 10th Dist. No. 06AP–323, 2007-Ohio-2786, 2007 WL 1641425, ¶ 31; *Norman* at ¶ 31; *State v. Baker*, 10th Dist. No. 02AP–627, 2003-Ohio-633, 2003 WL 283176, ¶ 23.

{¶ 14} The parties do not dispute that the substance recovered from the hotel room was actually cocaine base. Rather, defendant argues that the state failed to present sufficient evidence to establish that defendant knowingly possessed, by means of constructive possession, the cocaine base discovered in the hotel room. Contrary to defendant's contentions, the evidence, when viewed in a light most favorable to the prosecution, is sufficient to prove that defendant constructively possessed the approximately 13 grams of cocaine base confiscated from the hotel room where defendant was arrested.

{¶ 15} Police found the cocaine base in the hotel room, where they observed defendant freely enter without having to announce his presence or ask permission. Although the hotel room was not registered to defendant's name, defendant was the person who answered the door when the marshals knocked, suggesting that he had some authority over or control of the hotel room. The cocaine and materials used to process crack cocaine were in plain sight once officers entered the room. See, e.g., *State v. Rampey*, 5th Dist. No. 2004 CA 00102, 2006-Ohio-1383, 2006 WL 747603, ¶ 51 (holding that evidence is sufficient to prove knowing possession of cocaine where cocaine was found "in plain sight in [defendant's] truck after he was arrested getting out of his truck").

{¶ 16} Additional evidence disclosed that defendant's fingerprints were on the measuring cup containing cocaine residue, allowing the jury reasonably to infer that the measuring cup was used to manufacture the cocaine base found on top of the microwave oven inside the hotel room. See, e.g., *Stanley* at ¶ 31 (noting that trier of fact can make reasonable inferences regarding constructive possession). Based on all the evidence, the jury could reasonably conclude that defendant had dominion and control over the 13 grams of cocaine base found in plain sight inside the hotel room where he freely entered and was arrested. The state thus presented sufficient evidence.

B. Manifest Weight of the Evidence

{¶ 17} When presented with a manifest-weight argument, we engage in a limited weighing of the evidence to determine whether sufficient competent, credible evidence supports the jury's verdict to permit reasonable minds to find guilt beyond a reasonable doubt. *Conley*, 1993 WL 524917; *Thompkins*, 78 Ohio St.3d at 387, 678 N.E.2d 541 (noting that "[w]hen a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the [manifest]

weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony"). Determinations of credibility and weight of the testimony remain within the province of the trier of fact. *State v. DeHass* (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. The jury thus may take note of the inconsistencies and resolve them accordingly, "believ[ing] all, part, or none of a witness's testimony." *State v. Raver*, 10th Dist. No. 02AP–604, 2003-Ohio-958, 2003 WL 723225, ¶ 21, citing *State v. Antill* (1964), 176 Ohio St. 61, 67, 197 N.E.2d 548.

{¶ 18} Defendant contends that the jury lost its way in inferring that defendant possessed the cocaine because the state did not present any testimony to establish when defendant's fingerprints were placed on the measuring cup. Defendant further asserts that the fact that the hotel room was registered to a female, not defendant, defeats the possibility that defendant was the one who possessed the cocaine.

{¶ 19} Defendant's manifest-weight argument points to no evidence that undermines the permissible inference that defendant's fingerprints were on the measuring cup as a result of making the crack cocaine found in plain view in the hotel room. Instead, defendant essentially asserts that the jury should have drawn inferences in his favor and not in favor of the state. Similarly, defendant presented an exhibit indicating that the room was not registered to him, and he contends that the jury should have construed that fact in his favor.

{¶ 20} The jury, however, was free to draw reasonable inferences from the evidence presented at trial, including defendant's freely entering the hotel room and answering the door, as well as the presence of his fingerprints on the measuring cup containing cocaine residue.

{¶ 21} Such reasonable inferences are within the province of the trier of fact, and we will not substitute our judgment for the jury's, even though defendant contends that his evidence suggests a different conclusion. Id., citing *DeHass* at paragraph one of the syllabus. A conviction is not against the manifest weight of the evidence simply because the trier of fact believed the state's version of events over the defendant's version. *State v. Neff*, 10th Dist. No. 09AP–360, 2009-Ohio-6846, 2009 WL 5062335, ¶ 18, citing *State v. Gale*, 10th Dist. No. 05AP–708, 2006-Ohio-1523, 2006 WL 827777, ¶ 19; *State v. Williams*, 10th Dist. No. 08AP–719, 2009-Ohio-3237, 2009 WL 1911842, ¶ 17.

{¶ 22} Because both sufficient evidence and the manifest weight of the evidence support defendant's conviction, we overrule defendant's sole assignment of error.

### III. Disposition

{¶ 23} Having overruled defendant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

Judgment affirmed.

BROWN, J., concurs.

TYACK, P.J., concurs separately.

TYACK, Presiding Judge, concurring.

{¶ 24} I concur in the judgment of this panel, but for slightly different reasons than those expressed in the majority opinion.

{¶ 25} "Possess" is defined in R.C. 2925.01(K) as follows:

"Possess" or "possession" means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found.

{¶ 26} The offense of possession of drugs is defined in R.C. 2925.11(A). The statute reads:

No person shall knowingly obtain, possess, or use a controlled substance.

{¶ 27} Thus, the issue in this case is, simply, did Larry J. Williams Jr. knowingly have control over the controlled substance found in the motel room where he was arrested by law enforcement personnel? The evidence presented at trial established that he did. That evidence was clearly sufficient to support the jury's verdict.

{¶ 28} The fact that was presented on behalf of the defense at trial indicated only that the motel room was registered to another person present, not that Larry J. Williams Jr. did not control some or all of the drugs and paraphernalia in the room. The jury's verdict was clearly in accord with the manifest weight of the evidence, especially since more than one person can knowingly possess an item.

{¶ 29} Again, I concur in the trial court's judgment.