[Cite as *State v. Eden*, 2020-Ohio-2900.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 2019 CA 00031 |
| BRYAN E. EDEN | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
                             Pleas, Case No.  2018 CR 00782


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      May 11, 2020


APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

R. KYLE WITT                           THOMAS R. ELWING
PROSECUTING ATTORNEY                   60 West Columbus Street
BRIAN T. WALTZ                         Pickerington, Ohio  43147
ASSISTANT PROSECUTOR
239 West Main Street, Suite 101
Lancaster, Ohio  43130

*Wise, J.*

{¶1} Defendant-Appellant Bryan E. Eden appeals his conviction on aggravated possession of drugs, with a firearm specification, having weapons under disability, and carrying a concealed weapon entered in the Fairfield County Court of Common Pleas following a jury trial.

{¶2} Plaintiff-Appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶3} The relevant facts and procedural history are as follows:

{¶4} On December 31, 2018, at approximately 12:15 a.m., officers with the Lancaster Police Department were dispatched to 632 N. Broad St., Lancaster, Ohio, on a complaint of a suspicious vehicle behind a residence. (T. at 51-52). Dispatch also provided information that earlier in the day other officers had responded to a possible breaking and entering at the same residence. (T. at 52). Officer Andrew T. Bennett was the first officer to arrive on the scene. (T. at 53). Officer Roxx Williams arrived shortly thereafter. (T. at 179).

{¶5} Upon arrival, the police found a vehicle matching the description from dispatch at that location with Appellant, Bryan E. Eden, as the driver. (T. at 53-54). There were two other people in the car and another person on the steps of the residence at that time. (T. at 53-55). The officers would later identify the front seat passenger as Weston Predmore, Hilary Ewing as the backseat passenger, and Shaleena Shields as the female standing outside the vehicle (T. at 54-55)

{¶6} A search of the front driver's area took place after the occupants of the vehicle were removed. (T. at 59-60). On the driver's floorboard, approximately half-way

underneath the seat, but still visible from outside the car window, police found a blue plastic container. (T. at 60). This box was essentially underneath Appellant's knees and near his feet. (T. at 31, 123). Inside that box was a glass vial with over 4 grams of methamphetamine in it as well as various items of drug paraphernalia, including syringes. (T. at 62). This box had a translucent top that allowed the contents inside to be visible without having to open the container. (T. at 78).

{¶7}   Appellant denied any knowledge of the drugs. (T. at 68). When asked, Appellant did not have any explanation for how he did not notice these drugs under his feet. (T. at 68-69). ). Appellant also stated there "wasn't supposed to be anything in the vehicle." (T. at 121). Appellant told the police that the only thing that belonged to him was his book bag and its contents, which he said contained his clothing and a laptop computer. (T. at 69, 123). At that point, Appellant was made aware that the police were going to be searching his book bag. (T. at 69).  Appellant then changed his story and told the police that nothing in the car belonged to him. (T. at 69, 127). When confronted with the fact that he already told police that the book bag was his, Appellant stated "I lied." (T. at 127). Appellant was then asked by police if he was aware of whether his roommate, being the owner of the vehicle, was into drugs. (T. at 123). Appellant replied "I am not at liberty to say what he is or isn't into." He then added "May I see or not see certain things, perhaps."

{¶8}   The police then searched Appellant's book bag, which was stuffed completely full. (T. at 69-71). In one of the outside zipped up pockets of the bag, the police found a semi-automatic handgun magazine. (T. at 69, 89). After removing a number of personal items and clothing, a 9mm semi-automatic handgun was found at the very bottom of the bag. (T. at 70). Also found in the bag were syringes and brass knuckles with

a built-in knife that flipped out of the knuckles. (T. at 71). Prior to the search of Appellant's bag, some of the occupants of the car were unloading the car. However, before they were able to do that completely, the police ordered them to put Appellant's bag back in the car. (T. at 117).

{¶9}   By indictment filed on January 10, 2019, Appellant, Bryan E. Eden, was charged with one count of aggravated possession of drugs, a felony of the third degree, in violation of R.C. §2925.11(A) and R.C. 2925.11(C)(1)(b), with an associated firearm specification under R.C. §2941.141(A) for having a firearm under his possession or control while committing the offense; one count of having weapons under disability, a felony of the third-degree, in violation of R.C. §2923.13(A)(3) and §2923.13(B); one count of carrying a concealed weapon, a felony of the third-degree, in violation of R.C. §2923.12(A)(1) and R.C. §2923.12(F)(1), and one  count of improperly handling firearms in a motor vehicle, a felony of the fourth-degree, in violation of R.C. §2923.16(B) and §2923.16(I).

{¶10}   On May 14, 2019, this matter proceeded to jury trial.

{¶11}   At trial, Appellant called two witnesses: Cheyenne Ogg and Dustin Woods. Cheyenne Ogg testified that on December 30, 2018, he saw Russell Bell hand his EBT card to Shaleena Shields while they were together in the same car. (T. at 240). He also testified that it was possible that Russell Bell had sold that EBT card after that incident, and that he did not have direct knowledge of what happened during the incident on the 31st. (T. at 242). He also testified that he looked at all the Appellant's discovery before deciding what his statement was going to be. (T. at 243). Ogg was also currently in prison for burglary. (T. at 243).

**{¶12}** Dustin Brown testified that he was the owner of the car involved in this incident. (T. at 252-253). He stated that when he lent his car out, there was no blue case in it, nor were there any guns in the car. (T. at 256-257).

**{¶13}** At the close of the state's presentation of evidence, Appellant moved for acquittal pursuant to Crim.R. 29 on the charge of improperly handling firearms in a motor vehicle. The trial court granted the motion, and this charge was dismissed.

**{¶14}** On May 16, 2019, following the conclusion of the evidence and after deliberations, the jury found Appellant guilty of all remaining charges and specifications.

**{¶15}** At a sentencing hearing on May 23, 2019, the trial court sentenced Appellant to eighteen (18) months on the count of aggravated possession of drugs, to run consecutive to the one (1) year sentence for the firearm specification; eighteen (18) months on the count of having weapons under disability, to run consecutive to the aggravated possession offense, but concurrent to carrying a concealed weapon; and eighteen (18) months on the carrying a concealed weapon charge, which was ordered to run consecutive to the aggravated possession offense, but concurrent to having weapons under disability, for an aggregate sentence of four (4) years.

**{¶16}** Appellant now appeals, raising the following assignments of error for review:

## ASSIGNMENTS OF ERROR

**{¶17}** "I. THE MANIFEST WEIGHT OF THE EVIDENCE DID NOT SUPPORT APPELLANT'S CONVICTIONS FOR AGGRAVATED POSSESSION OF DRUGS WITH A FIREARM SPECIFICATION, HAVING WEAPONS UNDER DISABILITY, AND CARRYING A CONCEALED WEAPON.

**{¶18}** "II. INSUFFICIENT EVIDENCE SUPPORTED APPELLANT'S CONVICTIONS FOR AGGRAVATED POSSESSION OF DRUGS WITH A FIREARM SPECIFICATION, HAVING WEAPONS UNDER DISABILITY, AND CARRYING A CONCEALED WEAPON."

**I., II.**

**{¶19}** In both assignments of error, Appellant argues that the evidence introduced at trial failed to support the state's theory of constructive possession with respect to the methamphetamine, the 9mm handgun, and the brass knuckles. We shall therefore address Appellant's assignments of error together.

**{¶20}** In Appellant's first and second assignments of error he argues that his convictions are against the manifest weight and sufficiency of the evidence. We disagree.

**{¶21}** On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

**{¶22}** On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin*, 20 Ohio App.3d 172, 175, 485

N.E.2d 717 (1st Dist.1983). *See also, State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997). The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

**{¶23}** At trial, the parties stipulated that the suspected methamphetamine was in fact methamphetamine in the amount of 4.08 grams. (T. at 205). The parties also stipulated that Appellant had a prior conviction for an offense of violence, that the handgun was a fully functional firearm, and that Appellant had a prior conviction for a felony drug possession offense (which formed the basis for the offense of having weapons under disability as a felony of the third-degree).

**{¶24}** Here, Appellant's principal contention is that the evidence introduced at trial failed to support the state's theory of constructive possession with respect to the methamphetamine, the 9mm handgun, and the brass knuckles.

**{¶25}** R.C. §2925.01(K) defines possession as follows: " 'Possess' or 'possession' means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found."

**{¶26}** R.C. §2901.21 provides the requirements for criminal liability and provides that possession is a "voluntary act if the possessor knowingly procured or received the thing possessed, or was aware of the possessor's control of the thing possessed for sufficient time to have ended possession." R.C. §2901.21(D)(1).

**{¶27}** Possession may be actual or constructive. *State v. Butler*, 42 Ohio St.3d 174, 176, 538 N.E.2d 98(1989). To establish constructive possession, the evidence must prove that the defendant was able to exercise dominion and control over the contraband.

*State v. Wolery*, 46 Ohio St.2d 316, 332, 348 N.E.2d 351(1976). Dominion and control may be proven by circumstantial evidence alone. *State v. Trembly*, 137 Ohio App.3d 134, 738 N.E.2d 93 (8th Dist. 2000). Circumstantial evidence that the defendant was located in very close proximity to the contraband may show constructive possession. *State v. Butler, supra; State v. Morales*, 5th Dist. Licking No. 2004 CA 68, 2005-Ohio-4714, ¶ 50.

**{¶28}** Ownership of the contraband need not be established in order to find constructive possession. *State v. Smith*, 9th Dist. Summit No. 20885, 2002-Ohio-3034, ¶13. Furthermore, possession may be individual or joint. *Wolery*, 46 Ohio St.2d at 332, 348 N.E.2d 351. Multiple individuals may constructively possess a particular item simultaneously. *State v. Pitts*, 4th Dist. Scioto No. 99 CA 2675, 2000-Ohio-1986. The Supreme Court has held that knowledge of illegal goods on one's property is sufficient to show constructive possession. *State v. Hankerson*, 70 Ohio St.2d 87, 91, 434 N.E.2d 1362, 1365(1982), *certiorari denied* (1982), 459 U.S. 870, 103 S.Ct. 155, 74 L.Ed.2d 130.

**{¶29}** If the state relies on circumstantial evidence to prove an essential element of an offense, it is not necessary for " 'such evidence to be irreconcilable with any reasonable theory of innocence in order to support a conviction.' " *State v. Jenks*, 61 Ohio St.3d 259, 272, 574 N.E.2d 492 (1991), paragraph one of the syllabus, superseded by State constitutional amendment on other grounds as stated in *State v. Smith*, 80 Ohio St.3d 89, 102 at n. 4, 684 N.E.2d 668 (1997).

**{¶30}** " 'Circumstantial evidence and direct evidence inherently possess the same probative value [.]' " *Jenks*, 61 Ohio St.3d at paragraph one of the syllabus. Furthermore, " '[s]ince circumstantial evidence and direct evidence are indistinguishable so far as the jury's fact-finding function is concerned, all that is required of the jury is that it weigh all of

the evidence, direct and circumstantial, against the standard of proof beyond a reasonable doubt.' " *Jenks*, 61 Ohio St.3d at 272, 574 N.E.2d 492. While inferences cannot be based on inferences, a number of conclusions can result from the same set of facts. *State v. Lott*, 51 Ohio St.3d 160, 168, 555 N.E.2d 293 (1990), *citing Hurt v. Charles J. Rogers Transp. Co.,* 164 Ohio St. 329, 331, 130 N.E.2d 820 (1955). Moreover, a series of facts and circumstances can be employed by a jury as the basis for its ultimate conclusions in a case. *Lott,* 51 Ohio St.3d at 168, 555 N.E.2d 293*, citing Hurt,* 164 Ohio St. at 331, 130 N.E.2d 820.

**{¶31}** Upon our review of the record, we find the State presented sufficient evidence that Appellant exercised dominion and control over the methamphetamine and the handgun.

*Methamphetamine*

**{¶32}** Appellant herein argues that evidence was presented that the crayon box was likely the property of another. The vehicle containing the crayon box was owned by a third-party, Dustin Brown, and Appellant was merely borrowing the vehicle. Also, the crayon box contained an EBT card belonging to another third party, Russell Bell.

**{¶33}** Upon review, we find that the State presented sufficient evidence of Appellant's possession of the box and the drugs contained therein.

**{¶34}** Appellant exercised constructive possession over drugs discovered in the vehicle because, in part, he was found in the car with the drugs. The methamphetamine in this case was found in a box with a clear cover under Appellant's legs in a vehicle being driven by Appellant. *State v. Townsend*, 2d Dist. Montgomery No. 18670, 2001 WL 959186, (Aug. 24, 2001) ("Although mere presence in the vicinity of drugs does not prove

dominion and control, readily accessible drugs in close proximity to an accused may constitute sufficient circumstantial evidence to support a finding of constructive possession."), citing *State v. Scalf*, 126 Ohio App.3d 614, 620, 710 N.E.2d 1206 (8th Dist.1998). The box containing the drugs was in plain sight and located where only Appellant could reach them. *State v. Williams*, 190 Ohio App.3d 645, 2010-Ohio-5259, 943 N.E.2d 1049, ¶ 15 (10th Dist.) ("The cocaine and materials used to process crack cocaine were in plain sight once officers entered the room."); *State v. Rampey*, 5th Dist. No. 2004 CA 00102, 2006-Ohio-1383, 2006 WL 747603, ¶ 51 (holding that evidence is sufficient to prove knowing possession of cocaine where cocaine was found "in plain sight in [defendant's] truck after he was arrested getting out of his truck").

{¶35} Additionally, syringes were also found in the book bag belonging to Appellant, which supports Appellant's possession of the drugs.

{¶36} We conclude that a rational trier of fact could conclude beyond a reasonable doubt that Appellant constructively possessed the methamphetamine. Consequently, Appellant's possession of methamphetamine conviction is based on sufficient evidence.

*9mm handgun*

{¶37} While Appellant argues that the presence of a woman's makeup bag and another person's EBT card inside the book bag put into question his ownership of the bag, we find that the State presented sufficient evidence of Appellant's ownership of same.

{¶38} The handgun, along with an ammunition magazine, were found in a book bag in the vehicle driven by Appellant. Appellant initially told the police that the book bag belonged to him, and that it contained his clothes and his laptop computer. Upon

searching the book bag, the police found Appellant's clothes and laptop computer as stated by Appellant. The police also found the 9mm handgun at the very bottom of the backpack underneath all of the other contents.

**{¶39}** We therefore find Appellant's convictions for the firearm specification, having weapons under disability, and carrying a concealed weapon were based on sufficient evidence.

**{¶40}** Here, the jury as the trier of fact was free to accept or reject any and all of the evidence offered by the parties and assess the witness's credibility. "While the trier of fact may take note of the inconsistencies and resolve or discount them accordingly * * * such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence." *State v. Craig*, 10th Dist. Franklin No. 99AP–739, 1999 WL 29752 (Mar 23, 2000) citing *State v. Nivens*, 10th Dist. Franklin No. 95APA09–1236, 1996 WL 284714 (May 28, 1996). Indeed, the trier of fact need not believe all of a witness' testimony, but may accept only portions of it as true. *State v. Raver*, 10th Dist. Franklin No. 02AP–604, 2003–Ohio–958, ¶ 21, citing *State v. Antill*, 176 Ohio St. 61, 67, 197 N.E.2d 548 (1964); *State v. Burke*, 10th Dist. Franklin No. 02AP–1238, 2003–Ohio–2889, citing *State v. Caldwell*, 79 Ohio App.3d 667, 607 N.E.2d 1096 (4th Dist. 1992). Although the evidence may have been circumstantial, we note that circumstantial evidence has the same probative value as direct evidence. *State v. Jenks*, 61 Ohio St.3d 259, 272, 574 N.E.2d 492 (1991), paragraph one of the syllabus, superseded by State constitutional amendment on other grounds as stated in *State v. Smith*, 80 Ohio St.3d 89, 102 at n.4, 684 N.E.2d 668 (1997).

**{¶41}** The jury heard the testimony of all of the witnesses which were subjected to cross-examination. Thus, a rational basis exists in the record for the jury's decision.

**{¶42}** Finally, we find that this is not an " 'exceptional case in which the evidence weighs heavily against the conviction.' " *State v. Thompkins*, 78 Ohio St.3d 380, 386-387, 678 N.E.2d 541 (1997), quoting *Martin*, 20 Ohio App.3d at 175, 485 N.E.2d 717. Based upon the foregoing and the entire record in this matter, we find Wilson's convictions are not against the sufficiency or the manifest weight of the evidence. To the contrary, the jury appears to have fairly and impartially decided the matters before them. The jury heard the witnesses, evaluated the evidence, and was convinced of Appellant's guilt. The jury neither lost its way nor created a miscarriage of justice in convicting Appellant.

**{¶43}** Finally, upon careful consideration of the record in its entirety, we find that there is substantial evidence presented which if believed, proves all the elements of the crimes for which Appellant was convicted.

**{¶44}** Appellant's assignments of error are overruled.

**{¶45}** For the foregoing reasons, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed.

By: Wise, J.
Gwin, P. J., and
Delaney, J., concur.

JWW/d 0505