[Cite as *State v. Davis*, 2022-Ohio-577.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 20CAA120052 |
| | : | |
| MICHAEL L. DAVIS | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Delaware County Court
of Common Pleas, Case No.
20CRI070428

JUDGMENT:        AFFIRMED

DATE OF JUDGMENT ENTRY:        February 28, 2022

APPEARANCES:

For Plaintiff-Appellee:        For Defendant-Appellant:

MELISSA A. SCHIFFEL        WILLIAM T. CRAMER
DELAWARE CO. PROSECUTOR        470 Olde Worthington Road, Ste. 200
PAYTON ELIZABETH THOMPSON        Westerville, OH 43082
145 N. Union St., 3rd Floor
Delaware, OH 43015

*Delaney, J.*

{¶1} Appellant Michael L. Davis appeals from the November 18, 2020 Judgment Entry on Verdict and Sentence of the Delaware County Court of Common Pleas. Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2} This case arose in the late-night hours of April 26, 2020 into the early morning hours of April 27, 2020, while Deputy Colton Lybarger of the Delaware County Sheriff's Department was inside a Shell gas station in Sunbury. Lybarger noticed a black Yukon pull up to the gas pumps. Lybarger observed the occupants "really moving vigorously" inside the vehicle and it took them an unusually long time to get out of the vehicle.

{¶3} Lybarger ran the vehicle's license plate and discovered it was registered to a different vehicle, a Honda. In the meantime, the male driver, appellant, exited the vehicle and pumped gas while the female passenger remained seated in the vehicle.

{¶4} Lybarger approached appellant, who said his name was "Larry." Appellant provided a social security number (SSN) but stated he did not have a driver's license. The SSN appellant provided came back to a "Larry," but the photo did not match appellant. Appellant spoke in a quiet voice and Lybarger repeatedly had to ask him to speak up. Lybarger asked appellant if there was anything illegal in the vehicle, and appellant said no.

{¶5} As Lybarger spoke to appellant, Trooper Stephen of the Ohio State Highway Patrol arrived on the scene. Stephen walked around the vehicle exterior and observed a clear plastic baggy containing large rock-like white substances on the rear

passenger floorboard.  Stephen testified the material was easily visible from outside the vehicle and he retrieved it.

{¶6} Stephen and another trooper removed the female passenger from the vehicle and searched further. Two smaller clear plastic baggies were also found, both containing white rock-like substances. The smaller baggies were in the vehicle's center console, along with two glass pipes stuffed with "Chore Boys" and a makeshift pipe made from a Coke can. Lybarger testified "Chore Boys" are used to filter crack cocaine during smoking. The items found in the vehicle were photographed, seized, and submitted to BCI for analysis, confirming the presence of cocaine.

{¶7} Appellant denied knowledge of the contraband. His phone, however, was next to one of the glass pipes found in the center console.

{¶8} Appellant also claimed the Yukon wasn't his and said he borrowed it from an unnamed "buddy" whose phone number he provided to Lybarger.  Calls to this number went to voice mail. Lybarger did make contact later with someone at that number who identified themselves as the owner of the Honda to which appellant's license plate was actually registered.

{¶9} Lybarger seized appellant's cell phone and obtained a search warrant for its contents. Law enforcement found a Facebook account associated with appellant's name and date of birth. In that account, a Messenger conversation occurred on April 11 and April 12 regarding an agreement to purchase a 2004 GMC Yukon.  The conversation described the vehicle in detail, including the rear broken glass windshield, leather seats, and six lug tires. The description of the 2004 GMC Yukon matched the vehicle involved in the investigation at the Shell station.

{¶10} The conversation indicated the date of purchase was April 12. The buyer and new registered owner, identified as "Mike Davis" in the conversation, stated that although April 12 was Easter, he knew a notary who could notarize the transfer documents. Two days later, though, appellant asked the seller to return to get the signature notarized. There was no further communication from the seller in the Facebook evidence.

{¶11} Appellant was therefore not able to notarize the title transfer, and as of April 14, appellant was in possession of the Yukon's title but he was unable to put it in his own name.

{¶12} The suspected controlled substances found in the Yukon were individually weighed and analyzed and found to be 96.36 grams of cocaine, .77 grams of cocaine, and 1.08 grams of cocaine. Collectively, the substances constituted over 98 grams of cocaine, a Schedule II substance.

{¶13} Appellant was charged by indictment with one count of trafficking in cocaine in an amount equaling or exceeding 27 grams but less than 100 grams pursuant to R.C. 2925.03(A)(2), a felony of the first degree [Count I] and one count of possession of cocaine in an amount equaling or exceeding 27 grams but less than 100 grams pursuant to R.C. 2925.11(A), a felony of the first degree [Count II]. Count I was accompanied by a forfeiture specification referencing $273 in cash, alleged to be proceeds derived from or acquired through the commission of Count I.

{¶14} On the day of trial, appellee dismissed Count I and proceeded to trial upon Count II. Appellant was found guilty as charged and sentenced to an indefinite mandatory prison term of 10 to 15 years.

{¶15} Appellant now appeals from the trial court's Judgment Entry on Verdict and Sentence dated November 18, 2020.

{¶16} Appellant raises two assignments of error:

**ASSIGNMENTS OF ERROR**

{¶17} "I. APPELLANT'S CONVICTION FOR POSSESSION OF COCAINE WAS NOT SUPPORTED BY THE WEIGHT OF THE EVIDENCE."

{¶18} "II. APPELLANT'S DUE PROCESS RIGHT TO A FAIR TRIAL UNDER THE FEDERAL AND STATE CONSTITUTIONS WAS VIOLATED BY A MISLEADING JURY INSTRUCTION ON THE ISSUE OF CONSTRUCTIVE POSSESSION."

**ANALYSIS**

I.

{¶19} In his first assignment of error, appellant argues his conviction upon one count of possession of cocaine is against the manifest weight of the evidence. We disagree.

{¶20} In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered." *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541. Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." *Id.*

{¶21} Appellant was found guilty upon one count of possession of cocaine pursuant to R.C. 2925.11(A), which states, "No person shall knowingly obtain, possess, or use a controlled substance * * *." Appellant does not contest that the substance at issue was cocaine, or that the cocaine weighed in excess of 27 grams but less than 100 grams. R.C. 2925.11(C)(4)(e). Instead, appellant argues the jury could not reasonably find him in knowing possession of the cocaine because he denied knowledge of it and his DNA was not found on the plastic baggies; he claims the female passenger had the opportunity to deposit the cocaine and paraphernalia in the vehicle and points out that she had two tablets of methadone in her purse.

{¶22} R.C. 2901.22(B) defines "knowingly" as follows:

> A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist. When knowledge of the existence of a particular fact is an element of an offense, such knowledge is established if a person subjectively believes that there is a high probability of its existence and fails to make inquiry or acts with a conscious purpose to avoid learning the fact.

{¶23} "Whether a person acts knowingly can only be determined, absent a defendant's admission, from all the surrounding facts and circumstances, including the doing of the act itself." *State v. Gross*, 5th Dist. Coshocton No. 2019CA0010, 2019-Ohio-5304, ¶ 14, citing *State v. Huff*, 145 Ohio App.3d 555, 563, 763 N.E.2d 695 (1st Dist.2001)

(footnote omitted). Thus, "[t]he test for whether a defendant acted knowingly is a subjective one, but it is decided on objective criteria." *Id.,* internal citations omitted.

{¶24} Appellant's argument overlooks the persuasive evidence that he knowingly possessed the cocaine. "Possess" or "possession" means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found. R.C. 2925.01(K). Possession may be actual or constructive. *State v. Butler*, 42 Ohio St.3d 174, 176, 538 N.E.2d 98 (1989). To establish constructive possession, the evidence must prove that the defendant was able to exercise dominion and control over the contraband. *State v. Wolery*, 46 Ohio St.2d 316, 332, 348 N.E.2d 351 (1976). Dominion and control may be proven by circumstantial evidence alone. *State v. Trembly*, 137 Ohio App.3d 134, 738 N.E.2d 93 (8th Dist. 2000). The jury could reasonably find the Facebook evidence established appellant owned the Yukon and therefore had dominion and control over the place where the contraband was found.

{¶25} Circumstantial evidence that the defendant was located in very close proximity to the contraband may show constructive possession. *State v. Butler, supra; State v. Morales*, 5th Dist. Licking No. 2004 CA 68, 2005-Ohio-4714, ¶ 50. Appellant's phone was found next to one of the pipes in the console.

{¶26} The presence of the female passenger does not prohibit the jury from finding appellant constructively possessed the cocaine. Possession may be individual or joint. *Wolery*, supra, 46 Ohio St.2d at 332. Multiple individuals may constructively possess a particular item simultaneously. *State v. Pitts*, 4th Dist. Scioto No. 99 CA 2675, 2000-Ohio-1986.

{¶27} The Supreme Court has held that knowledge of illegal goods on one's property is sufficient to show constructive possession. *State v. Hankerson*, 70 Ohio St.2d 87, 91, 434 N.E.2d 1362 (1982), *certiorari denied*, 459 U.S. 870, 103 S.Ct. 155, 74 L.Ed.2d 130 (1982). The jury could infer appellant's knowledge of the presence of the contraband based upon his deceptive behaviors in his interaction with Lybarger; he lied about his identity and ownership of the vehicle.

{¶28} Upon our review of the record, we find appellee presented sufficient evidence appellant exercised dominion and control over the cocaine.

{¶29} Appellant exercised constructive possession over drugs discovered in the vehicle because, in part, he was found in the car with the drugs. See, *State v. Eden*, 5th Dist. Fairfield No. 2019 CA 00031, 2020-Ohio-2900, ¶ 34. The Facebook conversation established appellant as the putative owner of the Yukon. Officers discovered cocaine in two locations in his vehicle: the rear passenger floorboard and the console. See, *State v. Townsend*, 2d Dist. Montgomery No. 18670, 2001 WL 959186, (Aug. 24, 2001) ("Although mere presence in the vicinity of drugs does not prove dominion and control, readily accessible drugs in close proximity to an accused may constitute sufficient circumstantial evidence to support a finding of constructive possession."), citing *State v. Scalf*, 126 Ohio App.3d 614, 620, 710 N.E.2d 1206 (8th Dist.1998). One baggie was observed by Stephen in plain sight, and all three baggies were located within appellant's reach. See, *State v. Williams*, 190 Ohio App.3d 645, 2010-Ohio-5259, 943 N.E.2d 1049, ¶ 15 (10th Dist.) ("The cocaine and materials used to process crack cocaine were in plain sight once officers entered the room."); *State v. Rampey*, 5th Dist. No. 2004 CA 00102, 2006-Ohio-1383, 2006 WL 747603, ¶ 51 (holding that evidence is sufficient to prove knowing possession

of cocaine where cocaine was found "in plain sight in [defendant's] truck after he was arrested getting out of his truck").

{¶30} Some of the drugs were found in the center console of the vehicle, directly next to the driver's seat where appellant had been seated. *State v. Cauthon*, 5th Dist. Fairfield No. 18-CA-41, 2019-Ohio-1809, ¶ 17.

{¶31} Further, paraphernalia found in close proximity to the cocaine—pipes for smoking cocaine--support appellant's possession of the drugs. *Eden*, supra, 5th Dist. Fairfield No. 2019 CA 00031, 2020-Ohio-2900, at ¶ 35.

{¶32} We conclude a rational trier of fact could conclude beyond a reasonable doubt that appellant constructively possessed the cocaine.

{¶33} The jury heard the testimony of all of the witnesses which were subjected to cross-examination. Thus, a rational basis exists in the record for the jury's decision. *Eden*, supra, 5th Dist. Fairfield No. 2019 CA 00031, 2020-Ohio-2900, at ¶ 41.

{¶34} Finally, we find that this is not an "'exceptional case in which the evidence weighs heavily against the conviction.'" *State v. Thompkins*, 78 Ohio St.3d 380, 386-387, 678 N.E.2d 541 (1997), quoting *Martin*, 20 Ohio App.3d at 175, 485 N.E.2d 717. Upon careful consideration of the record in its entirety, we find appellee presented substantial evidence which if believed, proves all the elements of the crime for which appellant was convicted.

II.

{¶35} In his second assignment of error, appellant argues the trial court's instruction to the jury was "misleading" and violated his due process right to a fair trial. We disagree.

{¶36} At trial, appellant objected to the following italicized portion of the jury instructions:

\* \* \* \*.

Constructive possession exists when a person has dominion or control over an item or substance even if that item or substance is not in his or her actual possession. *Where property is located in a vehicle or a portion of a vehicle that is under a person's control, constructive possession can be established if that person knew about—that is, was aware of—the property's presence in the vehicle or in that portion of the vehicle.*

\* \* \* \*.

T. II, 255.

{¶37} Appellant objected to the highlighted portion of the instruction and argued that any reference to "vehicle" should be removed, but the trial court overruled the objection. T. II, 228.

{¶38} Jury instructions are within the sound discretion of the trial court, and the court's decision will not be disturbed on appeal absent an abuse of discretion. *State v. DeMastry*, 155 Ohio App.3d 110, 2003–Ohio–5588, 799 N.E.2d 229 (5th Dist.), ¶ 54, internal citations omitted. Jury instructions must be reviewed as a whole. *State v. Coleman*, 37 Ohio St.3d 286, 525 N.E.2d 792 (1988).

{¶39} A trial court has broad discretion to decide how to fashion jury instructions, but it must "fully and completely give the jury all instructions which are relevant and necessary for the jury to weigh the evidence and discharge its duty as the fact finder."

*State v. Lazzerini*, 5th Dist. No. 2019CA00142, 2021-Ohio-1998, 173 N.E.3d 907, *appeal not allowed,* 164 Ohio St.3d 1448, 2021-Ohio-3336, *reconsideration denied,* 165 Ohio St.3d 1490, 2021-Ohio-4409, ¶ 92, citing *State v. Price*, 162 Ohio St.3d 609, 2020-Ohio-4926, 166 N.E.3d 1155, ¶22. A reviewing court may not reverse a conviction in a criminal case due to jury instructions unless it is clear the jury instructions constituted prejudicial error. *Id.*, citing *State v. McKibbon*, 1st Dist. Hamilton No. C-010145, 2002-Ohio-2041, 2002 WL 727009, ¶ 4, internal citation omitted. Pursuant to Crim. R. 52(A), "[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded."

{¶40} Appellant acknowledges the instruction given by the trial court "was generally correct." Brief, 6. He argues, though, that the instruction improperly suggests that control over the vehicle equates to control over everything inside the vehicle.

{¶41} Based upon our discussion of "knowingly" and "constructive possession" above in appellant's first assignment of error, we find the trial court's cited jury instruction is not erroneous and comports with the law of constructive possession. Appellant has not presented any authority in support of his argument that the cited instruction is erroneous; nor did he provide an alternative instruction. See, *State v. Gilkey*, 5th Dist. Licking No. 18-CA-103, 2019-Ohio-4417, ¶ 30.

{¶42} Appellant argues the instruction impermissibly allows the jury to infer constructive possession of the cocaine based solely upon appellant's control of the vehicle. We disagree with this reading and note the instruction permits the jury to find constructive possession if the contraband is 1) located within a vehicle or portion of a vehicle that was under appellant's control, and 2) appellant knew of the presence of the

contraband in the vehicle or in that portion of the vehicle. As appellee points out, "[n]othing in the instruction relieved the jury of its burden of ultimately needing to find constructive possession, which includes an instruction on dominion and control." Brief, 5. We do not agree with appellant that the jury was permitted to find control of the vehicle equated with control of the contraband.

{¶43} In *State v. Warren*, 8th Dist. Cuyahoga No. 87726, 2006-Ohio-6415, appeal not allowed, 113 Ohio St.3d 1513, 2007-Ohio-2208, 866 N.E.2d 512, the Eighth District Court of Appeals rejected a similar argument. In that case, contraband was found in Warren's vehicle and he challenged the trial court's instruction upon constructive possession, arguing the jury was permitted to infer constructive possession of the contraband from control of the vehicle. The Eighth District Court of Appeals disagreed with Warren's characterization of the instruction:

* * * *.

Warren argues that this instruction was flawed in that the trial court instructed that all that needed to be proved was that Warren had the ability to control "the premises." Warren also states that knowledge and physical access to contraband are not enough to establish possession. He further claims that the instruction effectively established that the state was required only to prove dominion and control over the vehicle to establish possession.

We find no merit to Warren's argument. The trial court's instruction here substantially complies with that which this court has previously found permissible. See, e.g., *State v. Felder,* Cuyahoga

App. No. 87453, 2006-Ohio-5332; *State v. Powell,* Cuyahoga App. No. 82054, 2003-Ohio-4936; *State v. Loper,* Cuyahoga App. Nos. 81297, 81400, 81878, 2003-Ohio-3213. Indeed, courts have recognized that constructive possession can be established by knowledge of an illegal substance or goods and the ability to exercise dominion or control over the substance or the premises on which the substance is found. See *State v. Hankerson* (1982), 70 Ohio St.2d 87; *Powell,* supra; *Loper,* supra. We also note that when read in their entirety, the jury instructions also established that possession may not be inferred solely from mere access to the substance through ownership or occupation of the property in which the substance is found. Therefore, we reject Warren's claim that the jury instructions established that the ability to control the vehicle was all that was required to prove constructive possession.

* * * *.

*State v. Warren*, 8th Dist. Cuyahoga No. 87726, 2006-Ohio-6415, ¶ 28-29, appeal not allowed, 113 Ohio St.3d 1513, 2007-Ohio-2208, 866 N.E.2d 512.

{¶44} Similarly, in the instant case, we find the trial court's instruction properly characterized the law and was not misleading to the jury. When read in the context of the entire instruction, the cited portion did not lead the jury to an erroneous verdict.

{¶45} Appellant's second assignment of error is overruled.

**CONCLUSION**

{¶46} Appellant's two assignments of error are overruled and the judgment of the

Delaware County Court of Common Pleas is affirmed.

By: Delaney, J.,

Hoffman, P.J. and

Wise, John, J., concur.