[Cite as *State v. McGregor*, 2016-Ohio-3082.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
|     Plaintiff-Appellee | Hon. Patricia A. Delaney, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 15-COA-023 |
| CHRISTOPHER MCGREGOR | |
|     Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Ashland Municipal Court, Case No. 15TRD01451

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    May 19, 2016

APPEARANCES:

For Plaintiff-Appellee

ANDREW N. BUSH
Assistant Director of Law
1213 E. Main St.
Ashland, Ohio 44805

For Defendant-Appellant

CHRISTOPHER S. MCGREGOR, PRO SE
2405 Parkwood Dr, NW
Warren, Ohio 44485

*Hoffman, P.J.*

{¶1}   Defendant-appellant Christopher Stuart McGregor appeals the July 20, 2015 Judgment Order entered by the Ashland Municipal Court, finding him guilty of the charge of speeding.  The state of Ohio is plaintiff-appellee.

STATEMENT OF FACTS AND CASE

{¶2}   On March 16, 2015, Appellant was operating his motor vehicle westbound on US 30 in Ashland County.  Ohio State Highway Patrol Trooper Speicher measured Appellant's speed at 76 m.p.h. in a 60 m.p.h. speed limit zone, using a calibrated laser device.  Trooper Speicher issued Appellant a citation for speeding, in violation of R.C. 4511.21(D)(2), showing the time of violation as being 8:56 a.m.

{¶3}   Appellant pled not guilty at his arraignment and the case was scheduled for a bench trial.  A pretrial was conducted on April 28, 2015.  The matter proceeded to trial on June 15, 2015.  Appellant was found guilty and sentenced via Judgment Order filed July 20, 2015.  It is from that judgment Appellant prosecutes this appeal, assigning as error:

{¶4}   "I. APPELLANT'S CONVICTION WAS MADE UPON LEGALLY INSUFFICIENT EVIDENCE AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE U.S. CONS. AM.14, AND THE OHIO CONS. ART.1 SEC 16.

{¶5}   "II. THE TRIAL COURT ERRED IN ALLOWING THE AMENDMENT OF THE TICKET DURING TRIAL IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE U.S. CONS. AM.14, AND THE OHIO CONS. ART 1 SEC 16.

{¶6} "III. THE TRIAL COURT ERRED IN ALLOWING THE PROSECUTOR TO ENFORCE A NO PLEA BARGAIN POLICY AGAINST THE VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE U.S. CONS.AM.14."

I

{¶7} In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997–Ohio–52, 678 N.E.2d 541, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1983).

{¶8} An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus (1991).

{¶9} Appellant's argument herein focuses upon his assertion Trooper Speicher's testimony lacked any credibility because of the trooper's "fabricating 3 different stories relative to the time the offense occurred." Appellant contends because the trooper "showed his willingness to lie," his testimony could not be considered credible to establish Appellant's speeding violation. We disagree.

{¶10} The jury was free to accept or reject any and all of the evidence offered by the parties and assess the witness's credibility. "While the jury may take note of the

inconsistencies and resolve or discount them accordingly * * * such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence." *State v. Craig* (Mar. 23, 2000), Franklin App. No. 99AP–739, citing *State v. Nivens* (May 28, 1996), Franklin App. No. 95APA09–1236. Indeed, the jurors need not believe all of a witness' testimony, but may accept only portions of it as true. *State v. Raver,* Franklin App. No. 02AP–604, 2003–Ohio–958, at ¶ 21, citing *State v. Antill* (1964), 176 Ohio St. 61, 67, 197 N.E.2d 548; *State v. Burke,* Franklin App. No. 02AP1238, 2003–Ohio–2889, citing *State v. Caldwell* (1992), 79 Ohio App.3d 667, 607 N.E.2d 1096.

{¶11} Even if the trial court did not find the trooper's testimony concerning the time of the offense credible, such does not preclude the trier-of-fact from believing other portions of the trooper's testimony. The exact time of the offense is not an element of the offense. Trooper Speicher testified as to Appellant's speed based upon both visual estimation and the use of a calibrated laser measuring device. The trial court as trier-of-fact was free to accept this portion of the trooper's testimony as credible despite any discrepancies in his testimony regarding the time of the offense.

{¶12} We find the trial court's verdict was supported by sufficient evidence and was not against the manifest weight of the evidence.

{¶13} Appellant's first assignment of error is overruled.

II

{¶14} In his second assignment of error, Appellant asserts the trial court erred in allowing the state of Ohio to amend the traffic ticket to reflect the time of the offense as 8:56 a.m., rather than the time listed on the ticket, which was 8:05 a.m. The trial court

allowed the amendment which corresponded to the time shown on the trooper's video dash cam.

**{¶15}** We find the amendment was proper under Crim.R.7(D) as the amendment did not change the name or identify of the charge.

**{¶16}** Furthermore, Appellant fails to demonstrate specifically how the amendment prejudiced or impeded his defense other than his conclusory assertion it did so.

**{¶17}** Appellant's second assignment of error is overruled.

III

**{¶18}** In his third assignment of error, Appellant asserts the trial court violated his constitutional right to equal protection by allowing the prosecutor to refuse to engage in a plea bargain. Appellant cites no case law in support of his assertion. We know of none. Appellant fails to identify he is a member of a constitutionally protected class. There is no constitutional right to a plea bargain. *Weatherford v. Bursey* (1977), 429 U.S. 545, 561.

**{¶19}** Appellant's third assignment of error is overruled.

**{¶20}** The judgment of the Ashland Municipal Court is affirmed.

Hoffman, P.J.

Delaney, J.  and

Baldwin, J. concur