[Cite as *State v. King*, 2017-Ohio-7731.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Patricia A. Delaney, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 16 CAA 11 0050 |
| CALLISTA KING | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
Pleas, Case No.  16 CR I 03 0155


JUDGMENT:     Affirmed


DATE OF JUDGMENT ENTRY:     September 21, 2017


APPEARANCES:

For Plaintiff-Appellee     For Defendant-Appellant

CAROL HAMILTON O'BRIEN     JOEL M. SPITZER
PROSECUTING ATTORNEY     97 South Liberty Street
AMELIA BEAN-DEFLUMER     Powell, Ohio  43065
ASSISTANT PROSECUTOR
140 N. Sandusky Street, 3rd Floor
Delaware, Ohio  43015

*Wise, J.*

**{¶1}** Defendant-appellant Callista King appeals her conviction entered in the Delaware County Common Pleas Court on one count each of breaking and entering, theft, possessing criminal tools and criminal damaging, following a jury trial.

**{¶2}** Plaintiff-Appellee is the State of Ohio.

STATEMENT OF THE CASE

**{¶3}** The relevant facts are as follows:

**{¶4}** On or about January 19, 2016, Aspen Ski and Board was broken into. (T. at 188-191). The burglary was captured on video and showed two men getting out of a vehicle in the Aspen Ski and Board parking lot, throwing an object through the door of the business and stealing property from inside. (T. at 147-148). The vehicle was identified as belonging to Appellant Callista King. (T. at 149-152).

**{¶5}** At trial, testimony was presented that a person matching Appellant's description was in the vehicle shortly before the crime was committed. (T. at 470-471). Testimony further established that Appellant was the girlfriend of one of the co-defendants. (T. at 262). Testimony was also admitted that Appellant stated she was present at the scene of the burglary, that she exited her vehicle to shut the trunk, and that she observed clothing in her trunk. (T. at 275). Finally, multiple items of clothing still bearing Aspen Ski and Board tags were found in her vehicle by police. (T. at 262).

**{¶6}** On March 23, 2016, Defendant-Appellant Callista M. King was indicted on Count One (1): Breaking and Entering, in violation of R.C. §2911.13(A), a Fifth Degree Felony; Count Two (2): Theft, in violation of R.C. §2913.02(A)(1), a Fifth Degree Felony; Count Three (3): Possessing Criminal Tools, in violation of R.C. §2923.24(A), a Fifth

Degree Felony; and Count Four (4): Criminal Damaging, in violation of R.C. §2909.06(A)(1), a Second Degree Misdemeanor. Defendant-Appellant was indicted along with two other Co-Defendants, Mark E. Basford, Jr. and Jason S. Manley.

{¶7} Defendant-Appellant King was offered the option of filing a Motion for Intervention in Lieu of Conviction but summarily dismissed that offer, electing to proceed to trial.

{¶8} Defendant-Appellant proceeded to a jury trial July 28, 2016.

{¶9} At trial, the State presented the testimony of Detective Chadwick Sloan, Hannah Rice, Gil Harris, Stacey Kapella, and Detective Rusty Yates. Counsel for Defendant-Appellant called Jeffrey Mabrey, an employee of Auto Rescue.

{¶10} The jury trial concluded on August 1, 2016. Following deliberations, the jury found Defendant-Appellant guilty on all four counts as charged.

{¶11} On October 6, 2016, the matter proceeded to sentencing. The trial court sentenced Defendant-Appellant to Community Control Sanctions for a period not to exceed two (2) years. The trial court imposed a Residential Community Sanction of 30 days in the Delaware County Jail.

{¶12} Defendant-Appellant now appeals, assigning the following errors for review:

ASSIGNMENTS OF ERROR

{¶13} "I. DEFENDANT-APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶14} "II. DEFENDANT-APPELLANT WAS DENIED THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AND A FAIR TRIAL UNDER THE SIXTH AND

FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND THE OHIO CONSTITUTION, ARTICLE I, SECTION 10.

{¶15} "III. DEFENDANT-APPELLANT WAS DEPRIVED OF HER RIGHTS TO DUE PROCESS AND A FAIR TRIAL UNDER THE FEDERAL AND STATE CONSTITUTIONS BY THE CUMULATIVE EFFECT OF THE NUMEROUS ERRORS IN THIS CASE."

## I.

{¶16} In her First Assignment of Eror, Appellant argues that her conviction was against the manifest weight and sufficiency of the evidence. We disagree.

{¶17} In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins,* 78 Ohio St.3d 380, 387, 1997–Ohio–52, 678 N.E.2d 541, quoting *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1983).

{¶18} An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus (1991).

{¶19} Here, Appellant concedes that the evidence established that Aspen Ski and Board was broken into and that her two male co-defendants were present at the scene of

the crime. However, Appellant argues that the evidence failed to establish that she knew or should have known that her co-defendants were planning to commit the charged offenses. Instead, she claims that the evidence supports her defense that she was either asleep or passed out for the duration of the crime.

**{¶20}** Upon review, we find that the State presented sufficient evidence that Appellant was complicit in aiding and abetting in the offenses charged. The investigating detective testified that Appellant admitted to him that she was present in the car at the time the offense was being committed, and that she helped close the trunk after the stolen goods were placed there. (T. at 275). Testimony was also presented that the property stolen from Aspen Ski and Board was found in Appellant's vehicle. (T. at 262). Further, the security video footage reveals that the item used to smash the door was transported to the crime scene in Appellant's vehicle.

**{¶21}** The jury was free to accept or reject any and all of the evidence offered by the parties and assess the witnesses' credibility. "While the jury may take note of the inconsistencies and resolve or discount them accordingly * * * such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence." *State v. McGregor,* 5th Dist. Ashland No. 15–COA–023, 2016-Ohio-3082, 2016 WL 2942992, ¶ 10, citing *State v. Craig,* 10th Dist. Franklin No. 99AP–739, 2000 WL 297252 (Mar. 23, 2000). Indeed, the jurors need not believe all of a witness' testimony, but may accept only portions of it as true. *Id.* Our review of the entire record reveals no significant inconsistencies or other conflicts in appellee's evidence that would demonstrate a lack of credibility of appellee's witnesses.

{¶22} Based upon the evidence presented at trial, Appellant's convictions were not against the manifest weight nor based upon insufficient evidence.

{¶23} Appellant's First Assignment of Error is overruled.

**II.**

{¶24} In her Second Assignment of Error, Appellant claims that she was denied the effective assistance of counsel. We disagree.

{¶25} To succeed on a claim of ineffectiveness, a defendant must satisfy a two-prong test. Initially, a defendant must show that trial counsel acted incompetently. *See, Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052 (1984). In assessing such claims, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Id.* at 689, citing *Michel v. Louisiana,* 350 U.S. 91, 101, 76 S.Ct. 158 (1955).

{¶26} "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland,* 466 U.S. at 689. The question is whether counsel acted "outside the wide range of professionally competent assistance." *Id.* at 690.

{¶27} Even if a defendant shows that counsel was incompetent, the defendant must then satisfy the second prong of the *Strickland* test. Under this "actual prejudice" prong, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

**{¶28}** Here, Appellant first argues that her counsel was ineffective in failing to raise a Crim.R. 29 motion for acquittal at the close of the State's case.

**{¶29}** As we have resolved Appellant's contention her conviction was not supported by sufficient evidence and against the manifest weight of the evidence; Appellant cannot demonstrate the outcome of the proceeding would have been different had her counsel made a motion for acquittal.

**{¶30}** Appellant also argues that her counsel was ineffective in failing to request that the trial court sever her trial from the trial of her co-defendants. However, Appellant has failed to present any argument in support of such a motion or any supporting argument or evidence regarding the reasonable probability of a different outcome as a result of a separate trial.

**{¶31}** Ultimately we find no reasonable probability the outcome of the trial would have been different had such motions been raised. *See*, *State v. Graber,* 5th Dist. No. 2002CA00014, 2003–Ohio–137, ¶154, appeal not allowed, 101 Ohio St.3d 1466, 2004–Ohio–819, 804 N.E.2d 40.

**{¶32}** Appellant's Second Assignment of Error is overruled.

**III.**

**{¶33}** In her Third and final Assignment of Error, Appellant argues that the cumulative effect of the errors in this case deprived her of a fair trial, warranting reversal of her convictions. We disagree.

**{¶34}** Based upon our analysis and disposition of the First and Second Assigned Errors, we overrule Appellant's Third Assignment of Error.

{¶35} For the foregoing reasons, the judgment of the Court of Common Pleas, Delaware County, Ohio, is affirmed.

By: Wise, J.

Delaney, P. J., and

Baldwin, J., concur.

JWW/d 0830