[Cite as *State v. Hildenbrand*, 2018-Ohio-2633.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. CT2017-0045 |
| BEAU P. HILDENBRAND | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Muskingum County Court
of Common Pleas, Case No. CR2017-0043


JUDGMENT:                                    Affirmed


DATE OF JUDGMENT ENTRY:      July 2, 2018


APPEARANCES:


For Plaintiff-Appellee                    For Defendant-Appellant

D. MICHAEL HADDOX                    ERIC J. ALLEN
Prosecuting Attorney                    The Law Office of Eric J. Allen, Ltd.
Muskingum County, Ohio             4605 Morse Rd., Suite 201
                                                    Gahanna, Ohio 43230


By: GERALD V. ANDERSON II
Assistant Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth St., P.O. Box 189
Zanesville, Ohio 43702-0189

*Hoffman, J.*

{¶1} Defendant-appellant Beau P. Hildenbrand appeals his conviction entered by the Muskingum County Court of Common Pleas, on one count of burglary, in violation of R.C. 2911.12(A)(2), a felony of the second degree, following a jury trial. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE AND FACTS

{¶2} On January 18, 2017, the Muskingum County Grand Jury indicted Appellant on one count of burglary, in violation of R.C. 2911.12(A)(2), a felony of the second degree; and one count of theft, in violation of R.C. 2913.02(A)(1), a misdemeanor of the first degree. Appellant appeared for arraignment on February 6, 2017, and entered a plea of not guilty to the Indictment. Appellant filed a waiver of speedy trial on March 6, 2017. After two continuances, one at Appellant's request and the other at the state's request, the matter proceeded to jury trial on June 1, 2017.

{¶3} At trial, Kayla Hildenbrand testified she and Appellant started dating in 2007, and married approximately a year or year and a half later. They had one child, Wyatt, who was five years old at the time of trial. Appellant and Kayla subsequently divorced.

{¶4} Since 2010, Kayla has resided at 520 Urban Hill Road, Zanesville, Muskingum County, Ohio ("the residence"), initially with Appellant and their son, and currently with her son, her boyfriend, and his daughter. Between October and November, 2016, Kayla resided with her boyfriend while her father was refinishing the wood floors at the residence. Kayla occasionally returned to the residence to check on her father's progress, pick up the mail, gather items she needed, and tend to other household matters.

In mid-November, Kayla noticed a gun missing from the headboard of the bed in the master bedroom. She searched for the gun and spoke to family members who had visited the residence, but she could not locate it. After speaking with her father, Kayla looked through the residence for anything else which might be missing. Kayla discovered money had been taken from Wyatt's yellow piggy bank. No jewelry, electronics, or other valuables were taken. There was no sign of forced entry into the home.

{¶5} Kayla explained her son has two piggy banks, an Ohio State one and a yellow one. The Ohio State piggy bank had been in Wyatt's bedroom since he was born. Wyatt liked to carry around the Ohio State piggy bank and count the change collected in it. Appellant had taken money out of the Ohio State piggy bank in the past. In June, Kayla removed the yellow piggy bank from its original packaging and placed it on Wyatt's dresser. Kayla received the yellow piggy bank as a gift at her baby shower, but never opened it. After her son's birthday on September 30, Kayla placed dollar bills in the yellow piggy bank. Kayla stated there was between $50 and $75 dollars in the yellow piggy bank.

{¶6} Kayla discovered the missing gun and money on Saturday, November 12. The following Tuesday, November 15, Kayla contacted the police. The detective dusted the yellow piggy bank for fingerprints. Kayla told the detective she suspected Appellant was responsible for the stolen items. Kayla indicated Appellant had not been present when she removed the yellow piggy bank from its packaging, had not touched the yellow piggy bank after it was removed from its packaging, and had not been in the residence since the yellow piggy bank was removed from its packaging. Kayla stated Appellant did not have permission to be in the residence or take money from the yellow piggy bank, and he did not have a key to the residence.

**{¶7}** Muskingum County Sheriff's Deputy Richard Perry testified he was dispatched to the residence on November 15, 2016, in response to a report of a stolen firearm and other items. Upon his arrival, Deputy Perry learned a pistol and cash from a piggy bank had been stolen. Deputy Perry found no signs of forced entry. Kayla provided the deputy with a history of her son's two piggy banks. Deputy Perry photographed the yellow piggy bank and dusted it for fingerprints. He explained he only dusted the yellow piggy bank because Kayla had informed him she had recently removed it from its original packaging and the only fingerprints on it should belong to her and Wyatt. Kayla advised Deputy Perry the only possible suspect or person of interest would be Appellant.

**{¶8}** Deputy Perry subsequently spoke with Appellant. Appellant indicated the last time he was in the residence was in December, 2015. Appellant acknowledged he had taken money out of Wyatt's piggy bank a couple of years earlier due to his drug addiction at the time. Appellant stated more than once his fingerprints should not be on the yellow piggy bank.

**{¶9}** Daniel Steiner, a forensic scientist with the Ohio Bureau of Criminal Investigation and an expert in the area of latent fingerprint analysis, testified he analyzed the latent lifts submitted by the Muskingum County Sheriff's Department with a fingerprint card bearing Appellant's name. Steiner concluded the fingerprint submitted as a lift matched Appellant's fingerprint card.

**{¶10}** Beverly Hildenbrand, Appellant's mother, testified on his behalf. Mrs. Hildenbrand stated Appellant lived with her between October 1, and November 5, 2016. Although Mrs. Hildenbrand acknowledged she did not chaperone Appellant every day, he stayed at her home every day "[f]or the most part." Tr. at 226. Mrs. Hildenbrand recalled

Appellant was with her and her family every day between October 20, and October 28, 2016, as they were on vacation in Virginia. Catherine Kichler, Appellant's sister, corroborated Mrs. Hildenbrand's testimony Appellant was with his family between October 20, and October 28, 2016. James Hildenbrand, Appellant's father, also testified Appellant was living with him and his wife between October 1, and November 5, 2016, and the family was on vacation between October 20, and October 28, 2016. Mr. Hildenbrand acknowledged there were a few days during that time period Appellant was not staying in their home because he and Appellant had had a misunderstanding and Appellant left.

**{¶11}** After hearing all the evidence and deliberations, the jury found Appellant guilty of Count 1 of the Indictment, burglary, but not guilty of Count 2, theft. Appellant filed a motion for acquittal on June 13, 2017. The state filed a reply on June 20, 2017. Following a hearing on July 10, 2017, the trial court denied Appellant's motion.

**{¶12}** Thereafter, on July 19, 2017, the trial court sentenced Appellant to a period of incarceration of three years. The trial court notified Appellant he would be subject to a mandatory three year period of post release control, and advised him of the consequences of violating the conditions of post release control.

**{¶13}** It is from this conviction Appellant appeals, raising as his sole assignment of error:

I. APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WIGHT [SIC] OF THE EVIDENCE IN VIOLATION OF THE UNITED STATES CONSTITUTION.

I

**{¶14}** In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997), quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1983).

**{¶15}** "The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." *State v. DeHass* (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, at paragraph one of the syllabus. The trier of fact is in the best position to judge the credibility of the witnesses.

**{¶16}** Appellant was convicted of one count of burglary, in violation of R.C. 2911.12(A)(2), which provides:

(A) No person, by force, stealth, or deception, shall do any of the following:

\* \* \*

(2) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense.

{¶17}  Appellant argues his conviction should be reversed because the weight of the evidence did not support the crime.  Appellant points to the lack of eyewitness testimony placing him at the residence during the time period in question, noting the neighbors were not even interviewed, as well as Kayla's inability to state when the burglary actually occurred and the amount of money actually missing from the yellow piggy bank.  Appellant asserts it was reasonable for his fingerprints to be found on a piggy bank which was received as a baby shower gift during the marriage.  Appellant adds he was unable to completely account for the thirty-six day time frame covered in the Indictment, reasoning "most of us" would not be able to do so either.

{¶18}  The jury was free to accept or reject any or all of the evidence offered by the parties and assess the witnesses' credibility. Indeed, the jurors need not believe all of a witness' testimony, but may accept only portions of it as true. *State* v. *McGregor,* 5th Dist. Ashland No. 15-COA-023, 2016-Ohio-3082, 2016 WL 2942992, ¶ 10.  The jury clearly believed Kayla's testimony she removed the yellow piggy bank from its original packaging six months after Appellant's last visit to the residence; therefore, his fingerprints would not have been on the piggy bank but for his taking money from it during the time frame in question.  We note the fact Kayla did not know the exact amount of money taken from the yellow piggy bank is not of significance as Appellant was acquitted of theft.

{¶19}  Based upon review of the record as set forth in the Statement of the Case and Facts, supra, we find Appellant's conviction was not against the manifest weight of the evidence.

{¶20} Appellant's sole assignment of error is overruled.

{¶21} The judgment of the Muskingum County Court of Common Pleas is affirmed.


By: Hoffman, J.

Wise, John, P.J.  and

Baldwin, J. concur