[Cite as *State v. Garza*, 2020-Ohio-4001.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT
W

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| CHRISTOPHER J. GARZA, | : | Case No. 2020CA00018 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:         Appeal from the Stark County Court
                                 of Common Pleas, Case No. 2019-
                                 CR-1953


JUDGMENT:                        Affirmed


DATE OF JUDGMENT:                August 6, 2020


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JOHN D. FERRERO                           KENNETH STAIDUHAR
Prosecuting Attorney                      Henderson, Mokhtari & Weatherly
Stark County, Ohio                        1231 Superior Ave
                                          Cleveland, Ohio 44114

By:  KRISTINE W. BEARD
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza, South – Suite 510
Canton, Ohio 44702-1416

*Baldwin, J.*

**{¶1}** Defendant-appellant Christopher Garza appeals his conviction and sentence from the Stark County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

**{¶2}** On October 22, 2019, the Stark County Grand Jury indicted appellant on one count of aggravated possession of drugs in violation of R.C. 2925.11(A)(C)(1)(c), a felony of the second degree. At his arraignment, appellant pleaded not guilty to the charge.

**{¶3}** Thereafter, a jury trial commenced on December 10, 2019. At the trial, Officer Yuri Vovk of the Jackson Police Department testified that on September 19, 2019 he was dispatched to an address in Jackson Township in response to a possible burglary in progress. The call had indicated that copper pipe and other household items were being taken out of the residence. When he arrived, the front door was open. Officer Vovk knocked on the door and announced his presence, but no one responded. He then noticed a white male walking towards the kitchen. The man refused to come out and speak with the officer, so Officer Vovk decided to enter the residence and detain the man for further investigation.

**{¶4}** Once inside the house, Officer Vovk noticed another man sitting in the living room and there were multiple items of drug paraphernalia around the house. The drug items were not tagged into evidence. One of the officers heard someone moving upstairs and as he headed upstairs, identified himself and asked if anyone else was in house. There was no response. A further search of the house yielded a male located in an

upstairs bedroom in a small closet underneath a blanket. Two or three baggies with a crystal like substance were located on the closet floor. The drugs were located behind a board that was leaning against the wall of the small closet. No illegal substances were found on appellant. No one else was in the room.

{¶5} Officer Vovk testified that the house was considered a drug house by his department and that he did not believe that the house was appellant's residence. There had been a prior burglary at the house.

{¶6} Officer Christopher Bader of the Jackson Police Department testified that he worked with Officer Vovk and found appellant hiding underneath a blanket in the corner of the closet. Appellant told him that he was sleeping in the closet. When he moved the board in the closet aside, he found two bags of what he believed to be methamphetamines in the closet and collected them as evidence. The Stark County Crime Lab later confirmed that the drugs were methamphetamines. He testified that the homeowner later appeared and verified that the three individuals, including appellant, in the house had permission to be there. Officer Bader testified that he did not see any of the drug paraphernalia that Officer Vovk had said was sitting out in the house. Officer Bader testified that appellant had later told him that he was at the house to sell a computer and there was, in fact, a computer there. The computer was submitted into evidence. The homeowner told the officer that a total of five individuals were allowed to be in the home during the time that they searched the home. The officers only located three people. He admitted that appellant could have been hiding in the closet because he had an active warrant. He did not ask for any fingerprint or DNA testing on the bags containing the drugs to see if appellant had placed the drugs in the closet or come into any contact with the drugs.

{¶7} Forensic testing of the bags concluded that one of the bags contained approximately 13.9 grams of methamphetamine while the other contained 1.58 grams.

{¶8} At the conclusion of the evidence and the end of deliberations, the jury found appellant guilty. Appellant was sentenced to six to nine years in prison and ordered to serve three (3) years of post-release control.

{¶9} Appellant now appeals, raising the following assignments of error on appeal:

{¶10} "I. APPELLANT'S CONVICTION FOR AGGRAVATED POSSESSION IS NOT SUPPORTED BY SUFFICIENT EVIDENCE."

{¶11} "II. APPELLANT'S CONVICTION FOR AGGRAVATED POSSESSION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶12} "III. TRIAL COUNSEL WAS INEFFECTIVE AND TRIAL COUNSEL'S INEFFECTIVENESS PREJUDICED APPELLANT WHEN HE FAILED TO FILE A MOTION FOR DNA TESTING."

I, II

{¶13} Appellant, in his first two assignments of error, argue that appellant's conviction for aggravated possession of drugs is not supported by sufficient evidence and is against the manifest weight of the evidence. We disagree.

{¶14} On review for sufficiency, this court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

*Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

{¶15} Appellant was convicted of aggravated possession of drugs in violation of R.C. 2925.11(A)(C)(1)(c). R.C 2925.11(A) states that "(A) No person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog."

{¶16} In this case, the drugs were not found on appellant's person and he did not admit that he obtained, possessed or used them. However, possession may be actual or constructive. *State v. Butler*, 42 Ohio St.3d 174, 176, 538 N.E.2d 98(1989). To establish constructive possession, the evidence must prove that the defendant was able to exercise dominion and control over the contraband. *State v. Wolery*, 46 Ohio St.2d 316, 332, 348 N.E.2d 351(1976). Dominion and control may be proven by circumstantial evidence alone. *State v. Trembly*, 137 Ohio App.3d 134, 738 N.E.2d 93 (8th Dist. 2000). Circumstantial evidence that the defendant was located in very close proximity to the contraband may show constructive possession. *State v. Butler, supra; State v. Morales*, 5th Dist. Licking No. 2004 CA 68, 2005-Ohio-4714, ¶ 50.

**{¶17}** In the case sub judice, appellant was found in a small upstairs closet in a known drug house. No one else was upstairs. When the officers yelled to determine if anyone was present upstairs after hearing someone moving upstairs, appellant did not respond. The drugs were found in close proximity to appellant under a board. The jury could infer that appellant knew about and exercised dominion and control over the drugs. While appellant said that he was at the house to get some sleep and later said that he was there to sell a computer, the jury, as trier to fact, was free to believe or disbelieve appellant's explanations. They are also free to disbelieve that appellant was hiding from a warrant.

**{¶18}** We find that, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found that appellant knowingly possessed the drugs. We further find that the jury did not clearly lose its way in convicting appellant.

**{¶19}** Appellant's first and second assignments of error are, therefore, overruled.

III

**{¶20}** Appellant, in his third assignment of error, argues that his trial counsel was ineffective in failing to request DNA testing on the bags of methamphetamines.

**{¶21}** Our standard of review for ineffective assistance claims is set forth in *Strickland v. Washington* , 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984). Ohio adopted this standard in the case of *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel. First, we must determine whether counsel's assistance was ineffective; *i.e.,* whether counsel's performance fell below an objective standard of reasonable representation and was violative of any of his or her essential duties to the

client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. *Id.* However, trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. *State v. Sallie,* 81 Ohio St.3d 673, 675, 1998-Ohio-343, 693 N.E.2d 267.

**{¶22}** We concur with appellee that appellant has failed to show how DNA testing would have affected the outcome of appellant's case and that it is purely speculative that it would have resolved this issue in appellant's favor. There is nothing in the record as to what any DNA testing would have revealed so we cannot say that counsel was ineffective in failing to file a motion for DNA testing or that appellant was prejudiced.

**{¶23}** Appellant's third assignment of error is, therefore, overruled.

**{¶24}** Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.

By: Baldwin, J.

Gwin, P.J. and

Wise, John, J. concur.