[Cite as *State v. Schneider*, 2023-Ohio-3572.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Andrew J. King, J. |
| -vs- | |
| | Case No. 23CA000001 |
| BRIAN N. SCHNEIDER | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDINGS:     Appeal from the Knox County Court of Common Pleas, Case No. 21CR04-0064

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     October 3, 2023

APPEARANCES:

For Plaintiff-Appellee

CHARLES T. McCONVILLE
Knox County Prosecuting Attorney

NICOLE E. DERR
Assistant Prosecuting Attorney
117 East High Street – Suite #234
Mount Vernon, Ohio 43050

For Defendant-Appellant

TODD W. BARSTOW
261 W. Johnstown Road – Suite #204
Columbus, Ohio 43230

*Hoffman, J.*

**{¶1}** Defendant-appellant Brian N. Schneider appeals his convictions and sentence entered by the Knox County Court of Common Pleas, on one count of aggravated possession of drugs, one count of aggravated trafficking in drugs, one count of possession of heroin, one count of possessing drug abuse instruments, and one count of illegal use or possession of drug paraphernalia, following a jury trial.  Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE AND FACTS

**{¶2}** On April 5, 2021, the Knox County Grand Jury indicted Appellant on one count of aggravated possession of drugs, in violation of R.C. 2925.11(A), a felony of the second degree; one count of aggravated trafficking in drugs, in violation of R.C. 2925.03(A)(2), a felony of the second degree; one count of possession of heroin, in violation of R.C. 2925.11(A), a felony of the third degree; one count of trafficking in heroin, in violation of R.C. 2925.03(A)(2), a felony of the third degree; one count of possessing drug abuse instruments, in violation of R.C. 2925.12(A), a misdemeanor of the second degree; and one count of illegal use or possession of drug paraphernalia, in violation of R.C. 2925.14(C)(1), a misdemeanor of the fourth degree.  The trial court issued a statewide warrant for Appellant's arrest on April 5, 2021.

**{¶3}** Following Appellant's arrest in December, 2021, the trial court vacated the warrant. Appellant appeared before the trial court for arraignment on February 9, 2022, and entered a plea of not guilty to the charges contained in the Indictment.

**{¶4}** The matter proceeded to trial on November 1, 2022.  The following evidence was adduced at trial:

{¶5} Knox County Sheriff's Sergeant David Devolld was working the day shift on March 27, 2021, when he received an anonymous tip Jessica Sweet, an individual with an outstanding statewide warrant, would be in Knox County. Sergeant Devolld learned Sweet's destination was the Ohio Bureau of Motor Vehicles Title Department ("BMV") on North Sandusky Street, Mount Vernon, Knox County, Ohio. Sergeant Devolld, Knox County Sheriff's Deputy Masen Gilbert, and officers from the Mount Vernon Police Department arrived at the BMV and made contact with Sweet. Sweet and Appellant, who was a passenger, were removed from the vehicle. Sweet was placed under arrest. Mount Vernon Police Department Patrolman Patience Weiser conducted a search of Sweet, during which the officer located a loaded hypodermic needle in the pocket of Sweet's coat.

{¶6} After the hypodermic needle was discovered on Sweet's person, Sergeant Devolld and Deputy Gilbert determined they had probable cause to search the vehicle. Deputy Gilbert conducted the search, during which he found a pink bag on the floorboard of the front passenger seat as well as a black bag behind the passenger's seat. Inside the black bag, Deputy Gilbert discovered multiple syringes, rubber bands or tie-offs, two meth pipes, and an eyeglass case which contained multiple baggies of what he believed to be crystal methamphetamine. Deputy Gilbert also noticed the odor of vinegar emanated from the bag. The officer explained tar heroin has a vinegar scent to it.

{¶7} Deputy Gilbert subsequently placed Appellant in handcuffs and advised him of his Miranda Rights. Appellant agreed to speak with Deputy Gilbert. When asked about his drug usage, Appellant admitted he used heroin, but had been clean for approximately one month. Appellant denied owning the black bag and stated he did not know to whom

it belonged.  Deputy Gilbert brought Appellant over to the vehicle.  Appellant admitted the pink bag located on the floorboard of the front passenger's seat belonged to him and Sweet.  Appellant also indicated he owned the gray jacket found in the vehicle.  Deputy Gilbert handed Appellant to another officer and proceed to speak with Sweet, who had been placed in a cruiser.

{¶8}    After Deputy Gilbert advised Sweet of her Miranda Rights, Sweet answered a few questions before terminating the inquiry.  During the questioning, Sweet advised Deputy Gilbert she and Appellant were homeless.  Deputy Gilbert returned to the vehicle and searched the gray jacket, in which he found a wallet containing Appellant's information and a black digital scale with white residue on it.  Based upon the large quantity of drugs found, Sergeant Devolld and Deputy Gilbert decided to contact Detective Terry Wolfe, a narcotics detective with the Knox County Sheriff's Office.

{¶9}    Detective Wolfe arrived at the scene and spoke with Sergeant Devolld and Deputy Gilbert.  Detective Wolfe conducted a second search of the vehicle, then assisted in sorting the evidence and transporting it back to the sheriff's office. Once there, Detective Wolfe conducted a more thorough search of the items seized.  Inside the pink bag, which was described as an Igloo lunch box, Detective Wolfe located a prescription bottle with Appellant's name printed on the label, small packages of cotton balls, alcohol wipes, electric toothbrush heads, a Midol bottle containing a crystal-like substance, Appellant's W-2 form, and multiple documents with Appellant and Sweet's names on them.  Inside the black bag, Detective Wolfe found a large amount of methamphetamine, tar heroin, two glass smoking pipes, multiple silver containers, 54 unused syringes, bags of cotton balls, 39 blue rubber bands or tie-offs, an electric toothbrush, hand cream,

bandages, and alcohol wipes. Detective Wolfe explained how the silver containers, the cotton balls, syringes, and tie-offs are utilized by individuals using illegal substances such as meth, heroin, and tar heroin. The black digital scale found in Appellant's gray jacket was sent to the Central Ohio Regional Crime Lab for testing. The white residue found on the scale was determined to be heroin.

{¶10} Jessica Sweet testified on Appellant's behalf. Sweet indicated she and Appellant traveled to the BMV in Mount Vernon to meet her niece in order to transfer a vehicle into her niece's name. Sweet stated she and Appellant borrowed his brother's vehicle that morning and, while Appellant was getting ready, she put the drugs into the car. Sweet added Appellant specifically told her not to have drugs in his brother's vehicle. Sweet admitted she was involved in a similar incident in which she had drugs in her vehicle, the vehicle was impounded, and she was ultimately sentenced to prison. Sweet insisted Appellant had no knowledge that narcotics were in the vehicle. She added the drug paraphernalia also belonged to her. On cross-examination, Sweet acknowledged she was not permitted to have the vehicle in her own name due to an outstanding warrant. When asked, "So you came up here specifically to perpetrate a fraud on the BMV by putting the vehicle in [your niece's] name because you couldn't have it in your name," Sweet responded, "I suppose." Transcript of Proceedings, Vol. II, at p. 249.

{¶11} After hearing all the evidence and deliberating, the jury found Appellant guilty of aggravated possession of drugs (Count One), aggravated trafficking in drugs (Count Two), possession of heroin (Count Three), possessing drug abuse instruments (Count Four), and illegal use or possession of drug paraphernalia (Count Five). The trial court conducted a sentencing hearing on December 15, 2022. The trial court merged

Count One with Count Two and Count Three with Count Four for purposes of sentencing. The trial court ordered Appellant serve an indefinite term of imprisonment of a minimum of five (5) years to a maximum of seven and one-half (7 ½) years on Count Two, a definite term of imprisonment of 30 months on Count Four, and a definite term of imprisonment of three (3) months on Count Five, to be served concurrently. The trial court also imposed fines, but vacated such due to Appellant's indigency. The trial court memorialized Appellant's sentence via Sentencing Entry filed December 20, 2022.

{¶12} It is from his convictions and sentence Appellant appeals, raising the following assignment of error:

THE TRIAL COURT ERRED AND DEPRIVED APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTION TEN OF THE OHIO CONSTITUTION BY FINDING HIM GUILTY OF AGGRAVATED POSSESSION OF DRUGS; AGGRAVATED TRAFFICKING IN DRUGS; TRAFFICKING IN DRUGS; POSSESSION OF DRUGS; POSSESSION OF DRUG ABUSE INSTRUMENTS; AND ILLEGAL USE OR POSSESSION OF DRUG PARAPHERNALIA, AS THOSE VERDICTS WERE NOT SUPPORTED BY SUFFICIENT EVIDENCE AND WERE ALSO AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

I

{¶13} In his sole assignment of error, Appellant challenges his convictions as against the manifest weight and sufficiency of the evidence.

{¶14} The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. *State v. Thompkins*, 78 Ohio St.3d 380, paragraph two of the syllabus (1997). Sufficiency of the evidence is a test of adequacy as to whether the evidence is legally sufficient to support a verdict as a matter of law, while weight of the evidence addresses the evidence's effect of inducing belief. *Id.* at 386–387. A finding a conviction is supported by the manifest weight of the evidence, however, necessarily includes a finding the conviction is supported by sufficient evidence and will therefore be dispositive of the issues of sufficiency of the evidence. *State v. McCrary*, 10th Dist. No. 10AP-881, 2011-Ohio-3161, ¶ 11.

{¶15} In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " *State v. Thompkins*, supra at 387, quoting *State v. Martin*, 20 Ohio App. 3d 172, 175, 485 N.E.2d 717 (1983).

{¶16} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after

viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks,* 61 Ohio St. 3d 259, 574 N.E.2d 492, paragraph two of the syllabus (1991).

{¶17} Appellant specifically asserts his convictions were against the manifest weight and sufficiency of the evidence as the state failed to prove he knowingly possessed or trafficked the drugs found in the vehicle. Appellant argues he was merely a passenger in a vehicle he did not own, and Sweet, the driver, testified Appellant did not have knowledge of the narcotics or drug paraphernalia found in the vehicle. Appellant concludes there was no evidence to support a finding he knowingly possessed or trafficked the narcotics. We disagree.

{¶18} R.C. 2901.22(B) defines knowingly as follows:

(B) A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist. When knowledge of the existence of a particular fact is an element of an offense, such knowledge is established if a person subjectively believes that there is a high probability of its existence and fails to make inquiry or acts with a conscious purpose to avoid learning the fact.

{¶19} "Whether a person acts knowingly can only be determined, absent a defendant's admission, from all the surrounding facts and circumstances, including the

doing of the act itself." *State v. Gross*, 5th Dist. Coshocton No. 2019CA0010, 2019-Ohio-5304, ¶ 14, (Citation and footnote omitted). Thus, "[t]he test for whether a defendant acted knowingly is a subjective one, but it is decided on objective criteria." *Id.* (Internal citations omitted).

**{¶20}** " 'Possess' or 'possession' means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." Former R.C. 2925.01(L), current R.C. 2925.01(K). However, possession may be actual or constructive. *State v. Garza*, 5th Dist. Stark No. 2020CA00018, 2020-Ohio-4001, ¶16, citing *State v. Butler*, 42 Ohio St.3d 174, 176, 538 N.E.2d 98 (1989).

**{¶21}** To establish constructive possession, the evidence must prove the defendant was able to exercise dominion and control over the contraband. *State v. Wolery*, 46 Ohio St.2d 316, 332, 348 N.E.2d 351(1976). Dominion and control may be proven by circumstantial evidence alone. *Garza*, supra, at ¶16, citing *State v. Trembly*, 137 Ohio App.3d 134, 738 N.E.2d 93 (2000). Circumstantial evidence establishing the defendant was located in very close proximity to the contraband may show constructive possession. *State v. Butler,* supra; *State v. Morales*, 5th Dist. Licking No. 2004 CA 68, 2005-Ohio-4714, ¶ 50. "Establishment of ownership is not required." *State v. Rastbichler*, 2d Dist. Montgomery No. 25753, 2014-Ohio-628, ¶ 33. The issue of whether a person charged with drug possession knowingly possessed a controlled substance "is to be determined from all the attendant facts and circumstances available." *State v. Teamer*, 82 Ohio St.3d 490, 492, 696 N.E.2d 1049 (1998).

**{¶22}** Upon review of the evidence as set forth in our Statement of the Case and Facts, supra, as well as the testimony presented at trial, we find Appellant's convictions were not against the manifest weight of the evidence or based upon insufficient evidence.

**{¶23}** Detective Wolfe testified he discovered inside the pink bag, inter alia, a prescription bottle with Appellant's name printed on the label, Appellant's W-2 form, and multiple documents with Appellant and Sweet's names on them.  Appellant admitted the pink bag located on the floorboard of the front passenger's seat belonged to him and Sweet.  Appellant also claimed ownership of the gray jacket found in the vehicle.  A digital scale with heroin residue on it was found in the gray jacket.  Although Appellant denied ownership of the black bag, the bag was located on the back passenger seat within his immediate reach.

**{¶24}** The fact Sweet was the driver and was convicted of possession of the narcotics found in the vehicle did not prohibit the jury from finding Appellant also constructively possessed the same items. Possession may be individual or joint. *State v. Davis,* 5th Dist. Delaware No. 20CAA120052, 2022-Ohio-577, ¶ 26 (Citation omitted). Multiple individuals may constructively possess a particular item simultaneously.  *Id.* (Citation omitted).

**{¶25}** We find the jury could reasonably infer from the evidence presented at trial Appellant exercised dominion and control over the drugs and drug paraphernalia found in the vehicle. The jury was free to accept or reject any or all of the evidence offered by the parties and assess the witnesses' credibility. Indeed, the jurors need not believe all of a witness' testimony, but may accept only portions of it as true. *State v. McGregor*, 5th

Dist. Ashland No. 15-COA-023, 2016-Ohio-3082, 2016 WL 294299. The jury clearly believed the testimony of the state's witnesses, over Sweet's testimony.

**{¶26}** Appellant's sole assignment of error is overruled.

**{¶27}** The judgment of the Knox County Court of Common Pleas is affirmed.

By: Hoffman, J.

Gwin, P.J. and

King, J. concur