[Cite as *State v. Amos*, 2026-Ohio-1424.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
HOLMES COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO,<br><br>    Plaintiff - Appellee<br><br>-vs-<br><br>KELSEY AMOS,<br><br>    Defendant - Appellant | Case No. 2025 CA 008<br><br>Opinion And Judgment Entry<br><br>Appeal from the Holmes County Court of Common Pleas, Case No. 24CR062<br><br>Judgment:  Affirmed<br><br>Date of Judgment Entry:  April 20, 2026 |

**BEFORE:** William B. Hoffman; Craig R. Baldwin; Robert G. Montgomery, Judges

**APPEARANCES:** MATT MUZIC, Prosecuting Attorney, MATTHEW C. LATANICH, Assistant Prosecuting Attorney, for Plaintiff-Appellee; DAVID M. HUNTER, for Defendant-Appellant.

*Baldwin, J.*

{¶1} The appellant, Kelsey Amos, appeals his conviction in the Holmes County Court of Common Pleas for Theft in violation of R.C. 2913.02(A)(1). The appellee is the State of Ohio.

### STATEMENT OF FACTS AND THE CASE

{¶2} On December 3, 2024, the Holmes County Grand Jury indicted the appellant on one count of Theft in violation of R.C. 2913.02(A)(1).

{¶3} On May 19, 2025, the matter proceeded to a bench trial.

{¶4} At trial, the victim, A.S., testified that on November 4, 2024, she was running errands in Holmes County when she stopped at Winesburg Meats. She was using

her e-bike with a trailer attached. A.S. stated that she left the e-bike running when she went into Winesburg Meats. When she came outside, she discovered the e-bike was no longer there. She then notified the owner of the store.

{¶5} A.S. further testified that after discovering her e-bike missing, she and the store owner reviewed the store's security footage. She stated the video showed an individual whom she did not know get on her bike and take it. She paid $2,500 for the e-bike and $400 for the trailer.

{¶6} The store owner also testified that although he did not personally observe anyone take the e-bike, he did review the security footage. He then contacted law enforcement.

{¶7} Detective Henry testified that he is employed by the Holmes County Sheriff's Office. The Detective observed, from the security footage, that an individual, K.B., got out of a Cadillac and onto A.S.'s e-bike at Winesburg Meats. He then removed it from the premises. The Cadillac was owned by a third party but was being driven by the appellant. The video showed K.B. exit the vehicle, speak with the appellant, and walk behind the vehicle while pulling up his hood. He then went straight to the e-bike, got on, and rode away.

{¶8} After K.B. exited the parking lot, the appellant followed him in the Cadillac. The trailer was recovered near Wineburg Cemetery. Later that day, the appellant was observed in possession of the Cadillac and returned it to its owner. K.B. followed the appellant to the residence of the Cadillac owner in a truck owned by the appellant to pick him up.

{¶9} K.B. testified for the defense. He admitted that he was the individual who took A.S.'s e-bike. He stated that he had been helping the appellant work on the Cadillac.

They took it for a test drive to see if the radiator was operating properly. He said that he and the appellant had argued. K.B. said that he got his belongings and exited the vehicle. He saw the unattended e-bike and took it. K.B. testified that the appellant had nothing to do with the theft.

{¶10} At the close of evidence, the trial court found the appellant guilty. The appellant was sentenced on July 9, 2025.

{¶11} The appellant filed a timely notice of appeal and raised the following two assignments of error:

{¶12} "I. WHETHER THE CONVICTION FOR THEFT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE?"

{¶13} "II. WHETHER THERE WAS SUFFICIENT EVIDENCE TO SUPPORT THE CONVICTION FOR THEFT?"

**I., II.**

{¶14} In his first and second assignments of error, the appellant argues that the trial court's verdict is not based upon sufficient evidence and was against the manifest weight of the evidence. We disagree.

**STANDARD OF REVIEW**

{¶15} Sufficiency of the evidence was addressed by the Supreme Court of Ohio in *State v. Worley*, 2021-Ohio-2207, as follows:

> The test for sufficiency of the evidence is" whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991),

paragraph two of the syllabus, *superseded by constitutional amendment on other grounds as stated in State v. Smith*, 80 Ohio St.3d 102, 1997-Ohio-355, 684 N.E.2d 668 (1997), fn. 4, and following *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). " 'Proof beyond a reasonable doubt' is proof of such character that an ordinary person would be willing to rely and act upon it in the most important of the person's own affairs." R.C. 2901.05(E). A sufficiency-of-the-evidence challenge asks whether the evidence adduced at trial "is legally sufficient to support the jury verdict as a matter of law." *State v. Long*, 129 Ohio St.3d 512, 2011-Ohio-4215, 954 N.E.2d 596, ¶219.

*Id*. at ¶57. Thus, a review of the constitutional sufficiency of evidence to support a criminal conviction requires a court of appeals to determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

{¶16} Manifest weight of the evidence, on the other hand, addresses the evidence's effect of inducing belief. *State v. Thompkins*, 78 Ohio St.3d 380, 386-387, 1997-Ohio-52, 678 N.E.2d 541 (1997), *superseded by constitutional amendment on other grounds as stated by State v. Smith*, 1997-Ohio-355, 80 Ohio St.3d 89, 684 N.E.2d 668. The *Thompkins* Court stated:

Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible

evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its *effect in inducing belief.*" (Emphasis added.) Black's, *supra*, at 1594.

*Id*. at 387 The Court stated further:

> When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "thirteenth juror" and disagrees with the fact finder's resolution of the conflicting testimony. *Tibbs*, 457 U.S. at 42, 102 S.Ct. at 2218, 72 L.Ed.2d at 661. See, also, *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717, 720-721 ("The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.").

*Id*.

In addition, the Court stated in *Seasons Coal Co. Inc. v. Cleveland*, 10 Ohio St.3d 77, 10 Ohio B. 408, 461 N.E.2d 1273 (1984):

> "* * * [I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts. * * *

"If the evidence is susceptible of more than one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment."

*Id.* at 80, fn. 3, quoting 5 Ohio Jurisprudence 3d, Appellate Review, Section 603, at 191-192 (1978).

## ANALYSIS

**{¶17}** R.C. 2913.02(A)(1) states:

(A)  No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:

(1)  Without the consent of the owner or person authorized to give consent;

The appellee proceeded on a theory of complicity under R.C. 2923.03(A)(2). R.C. 2923.03(A)(2) states:

(A) No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:

* * *

(2)  Aid or abet another in committing the offense;

**{¶18}** In order to prove complicity, the appellee was required to show that the appellant supported, assisted, encouraged, cooperated with, advised, or incited K.B. in committing the theft, and that the appellant shared K.B.'s criminal intent. *State v. Jackson*, 2003-Ohio-5946, ¶32 (10th Dist.).  Criminal intent may be inferred from the presence, companionship, and conduct before and after an offense is committed. *Id.*

**{¶19}** In the case at bar, the evidence showed that the appellant was driving K.B. in a Cadillac. They pulled up right next to A.S.'s e-bike. The appellant stopped the car, allowed K.B. to exit, spoke with K.B., and then followed K.B. in the Cadillac after K.B. stole the e-bike. Later in the day, K.B. and the appellant were again seen together. The appellant claims he did not know K.B. was going to steal the e-bike and that he did not aid him either before or after. K.B. testified in support of the appellant's theory.

**{¶20}** The finder of fact was free to accept or reject any and all of the testimony offered by K.B. and assess the witness's credibility; they need not believe all of a witnesses' testimony. *State v. McGregor*, 2016-Ohio-3082, ¶10 (5th Dist.). Accordingly, the trial court was in the best place to assess the credibility of K.B.'s testimony and reach the conclusion that the appellant supported, assisted, encouraged, cooperated with, advised, or incited K.B. in committing the theft.

**{¶21}** After viewing the evidence in the light most favorable to the prosecution, we cannot conclude that no rational trier of fact could have found the essential elements of complicity to theft beyond a reasonable doubt. Nor can we say that the trial court clearly lost its way and created such a manifest miscarriage of justice that the appellant's conviction must be reversed and a new trial ordered.

**{¶22}** The appellant's first and second assignments of error are overruled.

## CONCLUSION

{¶23} Based upon the foregoing, the judgment of the Holmes County Court of Common Pleas is hereby affirmed.

{¶24} Costs to the appellant.

By: Baldwin, J.

Hoffman, P.J. and

Montomgery, J. concur.